UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK SAMSUNG SMARTPHONE CURRENTLY STORED IN THE HOLDEN POLICE DEPARTMENT EVIDENCE LOCKER | No. 1:21-mj-00182-JCN |

AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Bryan Klutzaritz, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for a black Samsung smartphone currently stored in the Holden Police Department (PD) evidence locker (Item 233434) in Holden, Maine. (hereinafter the "Cellular Device"). This affidavit and accompanying application is part of an ongoing drug trafficking investigation.

2. I am conducting an investigation into the drug trafficking activities of Nicole Footman, Sarah McBreairty, Daquan Corbett, Daviston Jackson and others. As discussed in more detail below, generally my investigation relates to the trafficking of large quantities of methamphetamine that are obtained in the greater Boston, Massachusetts area and distributed throughout Aroostook and Penobscot Counties. I have probable cause to believe that the Cellular Device contains evidence of communications and records concerning the operation of the drug trafficking organization and Nicole Footman's participation in its activities.

3. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). I have been a Special Agent with the Drug Enforcement Administration ("DEA") since 2003, and I am presently assigned to the Bangor, Maine, office. I have received extensive training pertaining to narcotic investigations and the investigation of

various crimes which arise from drug trafficking activities. During my employment with DEA, I have participated in numerous investigations relating to the distribution of controlled substances, including methamphetamine, cocaine, heroin, diverted pharmaceuticals and other substances in violation of the federal anti-drug laws, including Title 21, United States Code, Sections 841 and 846. I have received training in the field of narcotics enforcement and investigations. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs.

4. The facts in this affidavit come from my personal observations, my training and experience, phone analysis, and information obtained from other law enforcement officers.

## ITEM TO BE SEARCHED

5. The Cellular Device that I seek authority to search is more particularly described as follows:

   A. A black Samsung brand smartphone with cracked screen seized during the arrest of Nicole Footman on July 8, 2021, and currently secured at the Holden PD evidence locker as Item 233434. Photographs of the Cellular Device are attached as Exhibit A.

## ITEMS TO BE SEIZED

6. I have probable cause to believe that in the Cellular Device are the following items of evidence:

Contact lists, drug customer lists, business records, address and telephone lists, digital photographs, digital videos, personal calendar entries, travel logs, payment, delivery receipts, e-mail messages, text messages, voice mail messages, internet search queries, internet history lists, Facebook messenger chat logs, and GPS coordinates contained on the device which are evidence of offenses set forth in Title 21, United States Code, Section 841, et seq. and which are seizable pursuant to Federal Rule of Criminal Procedure 41.

Computer hardware, software, and data contained on the device, which are evidence of offenses set forth in Title 21, United States Code, Section 841, et seq. and which are seizable pursuant to Federal Rule of Criminal Procedure 41.

## FACTS SUPPORTING PROBABLE CAUSE

### Background

7.  On July 8, 2021, at approximately 4:05 p.m., members of the Holden PD received a disorderly complaint at 18 Main Road, Apartment 20 in Holden, Maine. Upon arriving officers made contact with an individual, hereinafter referred to as Individual 1, inside Apartment 20. While speaking with Individual 1, Holden PD Officer Stephen Day observed Individual 1 place tin foil, a plastic straw and a small plastic bag (known to Officer Day as a "dime bag") into his pocket. Based on his observations Officer Day conducted a search of Individual 1's person and discovered two bags containing suspected narcotics. Individual 1 was subsequently arrested. During a mirandized interview of Individual 1, Individual 1 admitted the drugs found on his person by Officer Day were methamphetamine and fentanyl. Individual 1 further advised he recently purchased the fentanyl from Nicole Footman for $60.00 at her residence and was in possession of text messages arranging the purchase of the drugs with Footman over Facebook Messenger. Officer Day memorialized the messages between Footman and Individual 1 by photographing them.

8.  On that same date Officer Day applied for and received a State of Maine search warrant for Footman's address located at 19 Ellen Drive, Holden, Maine. Upon executing the warrant officers located Footman inside the residence along with small amounts of suspected heroin/fentanyl located throughout the residence and approximately 36.9 gross grams of a substance which tested positive for characteristics consistent with methamphetamine via a

TruNarc device. Footman was subsequently arrested. At the time of Footman's arrest Cellular Device fell out of her pants pocket and was processed into evidence as item 233434.

9. I have reviewed the Facebook Messenger messages preserved by the Holden PD from Individual 1's telephone. At approximately 10:31 a.m., Individual 1 sent a message to Footman, "HEY ALL I HAVE IS SOME FOOD STAMPS  Will you plz help us out? And sorry for all caps lol." At approximately 2:42 p.m., Individual 1 states, "im walkin now I got 60."

10. Your affiant is familiar with Footman as part of this investigation. On January 28, 2021, surveillance followed Sarah McBreairty to Footman's residence in Holden, Maine.

11. Additionally, on May 19, 2021, a federal search warrant authorized by this court was executed on Blaine Footman's cellular telephone. Blaine Footman is the brother of Nicole Footman. As a result of the forensic extraction, Nicole Footman's telephone number was identified as (207)610-4703 in the contacts. An administrative subpoena was sent to Charter Communications to identify the subscriber of (207)610-4703. On July 6, 2021, Charter Communications identified the subscriber of (207)610-4703 as Eric Kelley of 19 Ellen Drive, Holden, Maine.  A search of local police databases listed Eric Kelley as the boyfriend of Nicole Footman.

12. I have reviewed the results of a text message search warrant on TT8 ((207)659-8003)) authorized by this court and assigned as case 1:21-mj-00140-JCN. The warrant was executed on June 2, 2021. The affidavit in support of the warrant application established probable cause to believe that TT8 was being used by Sarah McBreairty to conduct drug trafficking activity. Upon review the text message content received from the service provider in response to the search warrant, I discovered that on May 20, 2021, TT8 received a text message from (207)610-4703, at approximately 2:42 p.m. stating, "And I needed up yesterday…..liken 3

zips worth." At approximately 9:21 p.m., TT8 sends a message to (207)610-4703 stating, "K well I'll be around if you need up or whatever." At approximately 9:48 p.m., (207)610-4703 starts sending a series of messages to TT8 stating the following, "I wanna see you… fuck the up….\n. Well no I shouldn't say that… I got one girl that needs announce like daily. Thrn rick needs an ounce. I have a couple thousand for you too." At approximately 9:58 p.m., (207)610-4703 send another message to TT8 stating, "My girl needs a zip tonight. My other girl…. She hasn't responded yet but I am sure she got one for today. She will need one tomorrow tho, gleason a." Based on my training and experience and knowledge of this investigation, I believe the aforementioned message threads captured over TT8 support that McBreairty is a narcotics source of supply for Nicole Footman. When Footman mentions "up and zips" she is referring to ounce quantities of methamphetamine. When Footman tells McBreairty she has a "couple thousand" I believe she is referencing U.S. Currency derived from the sale of narcotics. Additionally, McBreairty was observed at Footman's residence in Holden and I believe when Footman was interviewed by MDEA the "Sarah" she referred to is Sarah McBreairty. McBreairty frequently drives a Chevrolet Silverado truck.

13. I have conducted toll analysis of TT8 and contacts with (207)610-4703. Between April 26, 2021, and June 22, 2021, there were approximately 832 contacts between the two telephones. A total of approximately 824 of those contacts were in the form of text messages. In July of 2021, investigators learned through toll analysis that Sarah McBreairty was actively using (207)631-8475 again. Telephone number (207)631-8475 was the subject of three search warrants authorized by this court (resulting in the seizure of numerous drug related text messages) and has been referred to as TT6 in previous affidavits. Between December 18, 2020, and July 8,

2021, there were approximately 542 contacts between the TT6 and (207)610-4703. Approximately 523 of the contacts were in the form of text messages.

14. Based upon my training and experience and involvement in this investigation, and my knowledge of the circumstances described I believe that the Cellular Device that fell out of Nicole Footman's pocket at the time of the arrest is the device that she uses to conduct drug trafficking activity and is the device that corresponds to telephone number (207) 610-4703. In this regards, Individual 1 reported text messaging with Footman to set up the drug deal on July 8th. Moreover, (207) 610-4703 is the cellular telephone number Blaine Footman used to communicate with his sister, Nicole Footman, providing further corroboration that Nicole uses a cellular device. In addition, it is apparent that Nicole Footman is associated with Sarah McBreairty who is involved in drug trafficking activity and, as discussed above, (207) 610-4703 has been in frequent contact with Sarah McBreairty's cellular telephones and has been used to send and receive drug related text messages with McBreairty. Finally, I know that individuals involved in drug trafficking will keep on their person cellular devices that they use to facilitate that activity. For all these reasons, I have probable cause to believe that the Cellular Device that fell out of Nicole Footman's pocket at the time of her arrest is the device that she uses to conduct drug trafficking activity.[1]

## TRAINING AND EXPERIENCE

15. As discussed above, I have received extensive training on how to conduct narcotics trafficking investigations, and I have years of experience in conducting those investigations. Based on my training and experience, I know that narcotics traffickers regularly

---

[1] Two other devices were located in the residence. I am not seeking authority to search those devices.

use cellular telephones to maintain contact with their sources of supply, their customers, and their couriers. The devices are used to send and receive drug related text and e-mail messages that sometimes remain on the phones. I believe that there are additional relevant communications between Footman and her drug associates and customers on the Cellular Device. The devices are also used to save contact names and numbers for sources of supply, customers, couriers, and associates. These names and numbers will assist me in identifying other targets of my investigation, as well as potential witnesses.

16. Based on my training and experience, I know that cellular devices like the one described in Section I have the ability to take and save photographs and videos, store information, and access the internet. Based on my training and experience and conversations with other law enforcement agents who conduct narcotics trafficking investigations, I know that drug traffickers use these devices to store photographs of associates, search the internet for various drug related purposes, and access their social media accounts and those of their associates. I have known drug traffickers to take photographs of themselves with their criminal associates, drugs, firearms, and drug proceeds.

17. Based on my training and experience, my involvement in this investigation, and conversations with other law enforcement agents who conduct narcotics trafficking investigations, I know searches of cellular telephones have yielded evidence of contact and association between and among narcotics traffickers, customers and associates, including the items described in section II, above. Based upon the facts described above, there is probable cause to believe that Footman and others are involved in the distribution of narcotics and a search of the cellular device described above in section I would likely produce evidence of associations, drug customers, and drug suppliers.

## CONCLUSION

18. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that the Cellular Device contains the items of evidence described in paragraph 6, above, and accordingly, a search warrant is requested.

Bryan Klutzaritz
Special Agent
United States Drug Enforcement Administration

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Jul 22, 2021, 1

City and state: Bangor, ME

Judge's signature

John C Nivison U.S. Magistrate Judge
Printed name and title